Nott, J.
delivered the opinion of the Court."
*336 Whether the Court of Equity exceeded its authority, in ordering the sureties to the guardianship bond to be discharged, is a question, on which we are not sufficiently informed, to enable us to form an opinion. We are merely informed of the fact, that they were discharged ; but in what manner, or under what circumstances, does not appear. It does, however, appear to me, to say no more of it, 10 be an extraordinary proceeding. If the sureties were discharged, it must have been on account of some delinquency, or mismanagement, on the part of the guardian. That such an order should be made, under such circumstances, without requiring an account, or without, requiring other security, or taking one step to secure the interests df the minor children, I hope is not to be understood as evidence of the usual course of proceeding in the Court of Equity. I will not, however, express any opinion as to the effect of the order. I will only observe that I do not think it derives' any support from the case of Cureton v. Shelton, to which the presiding Judge has referred. The ordinary acted, in that case, under the express authority of an act of the Legislature.
But admitting the sureties to have been legally discharged, they were still liable to any waste committed before that time. If the minor and her husband were able to make, up a portion of their loss out of the estate of the principal, it was their good fortune ; but these defendants can derive no benefit from it. The doctrine of apportionments, which the Judge has introduced, is purely an equity doctrine, and one to which a Court of Law can seldom, if ever, resort. And, even in a Court of Equity, it will be allowed only between parties standing in the same relation, and having the same equitable claims. But a surety has no such equity against the person to whom he is bound. The plaintiffs, therefore, were certainly iutitled to a verdict for the fifteen hundred dollars, if no more. The motion for a new trial must be granted.
Motion granted.